IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOUISIANA OILFIELD LOGISTICS, LLC, § § Plaintiff, § § VS. § FLOTEK CHEMISTRY, LLC, § § Defendant. § | CIVIL ACTION NO. H-19-1272 |

## ORDER

In April 2019, Louisiana Oilfield Logistics, LLC sued Flotek Chemistry, LLC, asserting anticipatory contract breach, contract breach, promissory estoppel, and quantum meruit. (Docket Entry No. 1). Louisiana Oilfield field its original complaint under seal. (Docket Entry No. 2). The court unsealed the complaint in June 2019 and directed Louisiana Oilfield to file an amended complaint by July 5, 2019. (Docket Entry Nos. 7, 10). On July 11, Advance Business Capital LLC d/b/a Triumph Business Capital moved to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). (Docket Entry No. 12). Neither Louisiana Oilfield nor Flotek oppose Triumph's motion to intervene.

This case centers on Louisiana Oilfield's and Flotek's August 2018 transportation services agreement. (Docket Entry No. 11 at 2). The agreement required Louisiana Oilfield to provide trucks for Floteck's chemical business in exchange for fixed payments based on the number of trucks Louisiana Oilfield made available each day. (*Id.*). In February 2019, Flotek told Louisiana Oilfield that the agreement had been terminated but continued to pay the invoices that Louisiana Oilfield submitted. (*Id.* at 3). In March 2019, Flotek gave Louisiana Oilfield written notice that the agreement had been terminated in February 2019, because of alleged breaches by Louisiana

Oilfield. (*Id.*). Flotek stopped paying the invoices Louisiana Oilfield submitted, and Louisiana Oilfield sued. (*Id.* at 3–4).

Triumph is in the "factoring business," which involves paying "cash for accounts receivable from a [company] and [a]ssum[ing] the risk of loss and delayed payment in return for a discount of the face value." *Ford v. LVNV Funding, LLC*, No. 9-CV-971, 2010 WL 11651849, at *1 n.2 (E.D. Tex. Nov. 30, 2010). Third parties "who owe on the accounts receivable make payments directly to the 'factor,'" allowing "the 'factor's' customer immediate access to cash and remov[ing] the risk to the customer of uncollectible accounts receivable." *Id.*

Triumph and Louisiana Oilfield entered into a factoring agreement in May 2018, which gave Triumph the right to collect Flotek's invoice payments under its transportation services agreement with Louisiana Oilfield. (Docket Entry No. 12 at 6). In November 2018, Triumph sent Flotek three written notices that Louisiana Oilfield's accounts "had been assigned to Triumph and that . . . payment of the [invoices] were to be made solely and exclusively to Triumph." (*Id.* at 9). Flotek then made payments directly to Triumph. (*Id.*). Triumph moves to intervene based on the factoring agreement. (*Id.* at 12).

"Rule 24(a)(2) governs intervention of right based on an interest in the action." *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019). The Fifth Circuit has established a four-pronged test for intervention under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.* (quoting *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016)). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed."

*Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

It seems likely that Triumph meets Rule 24(a)(2)'s intervention requirements. Triumph's intervention, however, raises a subject-matter jurisdiction question. This is a diversity action. Triumph, a would-be plaintiff, and Flotek, the defendant, are both Texas citizens. Triumph argues that its intervention would not destroy diversity because "no independent ground of jurisdiction need be shown to support intervention as a matter of right." (*Id.* at 21 (quoting *Arbuckle Broads. v. Rockwell Int'l Corp.*, 513 F. Supp. 412, 416 (N.D. Tex. 1981)).

> This rule did not survive the enactment of 28 U.S.C. § 1367(b), which provides:
>
> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. 1367(b). Section 1367(b) requires plaintiff-intervenors like Triumph to meet § 1332's jurisdictional requirements, including complete diversity. *See Griffin v. Lee*, 621 F.3d 380, 387 (5th Cir. 2010) ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332. Under a plain reading of 28 U.S.C. § 1367(b), there was no supplemental jurisdiction over Lee's claim in intervention, as it was a claim by a person seeking to intervene as a plaintiff under Rule 24."); *Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 115 (4th Cir. 2001) ("[I]n diversity actions the rule of complete diversity would still be required in the context of Rule 24

3

intervention or Rule 19 joinder of required parties."); *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of plaintiffs against persons made parties under Rule 14, 19, 20, or 24, and of parties who join or intervene as plaintiffs pursuant to Rule 19 or 24." (emphasis and quotation omitted)); *Samuels v. Twin City*, 602 F. App'x 209, 211 (5th Cir. 2015).

This authority makes clear that Triumph must be diverse from Flotek. Both are Texas citizens. Triumph's motion to intervene, (Docket Entry No. 12), is denied, without prejudice. Triumph may renew its motion in light of § 1367(b) and the caselaw requiring plaintiff-intervenors to satisfy § 1332's jurisdictional requirements.

SIGNED on August 5, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge